# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| In re<br><br>**SETH L. BLUM and BESSY G. BLUM**<br><br>Debtors | Bankruptcy Case: 25-10005-NVA<br><br>Chapter 11 |

### THE UNITED STATES TRUSTEE'S
### MOTION TO CONVERT CASE TO CHAPTER 7 OR,
### IN THE ALTERNATIVE, TO DISMISS CASE

Matthew W. Cheney, Acting United States Trustee for Region Four, which includes the District of Maryland, Baltimore Division (the "United States Trustee"), in furtherance of the administrative responsibilities imposed pursuant to 28 U.S.C. § 586(a), respectfully requests that this Court enter an Order, pursuant to 11 U.S.C. §1112(b), converting to Chapter 7 or, in the alternative, dismissing, the above-referenced case.

In support thereof, the United States Trustee represents as follows:

### Facts and Background

1.  On January 1, 2025, debtors, Seth L. Blum and Bessy G. Blum commenced this case by filing a voluntary petition under Chapter 11 of the Bankruptcy Code and they have since acted as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

2.  Mr. and Mrs. Blum indicated in their Petition that they are small business debtors as that term is defined by Section 101(51D) of the Bankruptcy Code and they have

elected to proceed under Subchapter V of Chapter 11 of the Bankruptcy Code.  (*See* Doc. 1 at 4.)

3. Mr. and Mrs. Blum filed monthly operating reports for the periods of January 2025 and February 2025.  (*See* Docs. 36 and 41.)  Since that time, they have not filed any additional monthly operating reports.  Reports for March and April 2025 are outstanding and overdue.

4. As described more fully below, cause exists pursuant to 11 U.S.C. § 1112(b) for the conversion or dismissal of this case.

## **Argument**

5. Section 1112(b) of the Bankruptcy Code generally requires that once "cause" is established the Court must take one of three actions: (1) dismiss a Chapter 11 case, (2) convert it to Chapter 7, or (3) appoint a Chapter 11 trustee.  11 U.S.C. § 1112(b); *In re Landmark Atlantic Hess Farm, LLC,* 448 B.R. 707, 712 (Bankr. D. Md. 2011).

6. Which action should be taken is determined by the best interests of the creditors and the estate.  11 U.S.C. § 1112(b)(1).  The Court is to consider only the best interests of the creditors and the estate.  The interest of the debtor is not a factor to be considered.  *Lakefront Investors, LLC, v. Clarkson*, 484 B.R. 72, 84-86 (D. Md. 2012).

7. If the moving party establishes "cause," the debtor (or other party-in-interest opposing the motion) can avoid dismissal or the appointment of a trustee only by showing:

   i. "unusual circumstances establishing that dismissing the case is not in the best interests of creditors and the estate";

      ii.      a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and

      iii.      the grounds for dismissing the case include an act or omission of the debtor (a) for there exists a reasonable justification, and (b) that will be cured within a reasonable period of time fixed by the court.

11 U.S.C. 1112(b)(2).[1]

8. The Code provides 16 examples of "cause." 11 U.S.C. §1112(b)(4). The list, however, is non-exhaustive and, thus, various non-identified acts or failure to act may also constitute cause. *In re Skeen, Goldman, LLP*, Case No. 07-10535-JS, 2007 WL 4556683 at *4 (Bankr. D. Md., Dec. 20, 2007); *In re AmeriCERT, Inc.*, 360 B.R. 398, 401 (Bankr. D.N.H. 2007).

### Failure to Timely File Monthly Operating Reports

9. Pursuant to 11 U.S.C. §§ 704(8), 1106(a)(1), 1107(a), and Federal Rule of Bankruptcy Procedure 2015, Chapter 11 debtors-in-possession are required to file monthly operating reports with the court and the U.S. Trustee on a monthly basis. These reports are due on the 21st day of the month following the reporting period.

10. The failure to file timely monthly operating reports constitutes "cause," pursuant to 11 U.S.C. § 1112(b), for the conversion or dismissal of this case. *See Landmark*

---

[1] Where the "cause" shown is the "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation," conversion, dismissal or appointment of a trustee is required and the exceptions set forth in this paragraph do not apply. 11 U.S.C. § 1112(b)(2)(B).

*Atlantic*, 448 B.R. at 716-17; *In re All Denominational New Church*, 268 B.R. 536, 538 (8th Cir. BAP 2001); *In re William Steiner, Inc.*, 139 B.R. 356, 358 (Bankr. D. Md. 1992); *see also* 11 U.S.C. § 1112(b)(4)(F) ("cause" includes the "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter").  As one bankruptcy court explained:

> Monthly operating reports "are much more than busy work imposed upon a Chapter 11 debtor for no other reason than to require it do something."  They are "the life blood" of chapter 11, enabling creditors to keep tabs on the debtor's post-petition operations.  Failure to file them -- and to file them timely -- is a serious breach of the debtor's fiduciary obligations and "undermines the Chapter 11 process."  It is well established, consequently, that a debtor's failure to submit monthly operating reports is "cause" to convert the case or dismiss it.

*In re Rey*, Case Nos. 04-B-35040, 04-B-22548, 06-B-4487, 2006 WL 2457435 at *8 (Bankr. N.D. Ill. Aug. 21, 2006) (citations omitted); *see also In re Tornheim*, 181 B.R. 161, 164 (Bankr. S.D.N.Y. 1995) ("[r]efusal or inability to provide financial disclosure [through monthly operating reports] sounds the death knell of a chapter 11 case").

11. Mr. and Mrs. Blum have failed to timely file monthly operating reports for the periods of March and April 2025.  Those reports are overdue and outstanding.

12. The failure to timely file monthly operating reports for March and April 2025 constitutes cause pursuant to 11 U.S.C. § 1112(b).

### Local Rule 9013-2 Statement

13. The United States Trustee submits that no novel issue of law is presented with respect to the matters contained herein.  Accordingly, pursuant to Local Bankruptcy

Rule 9013-2, the United States Trustee states that he is not filing a memorandum of law in support of this motion and relies solely on the grounds and authorities set forth herein.

WHEREFORE, the United States Trustee respectfully requests that this Court enter an Order:

(1) Granting this Motion;

(2) Converting to Chapter 7 or in the alternative dismissing this case; and

(3) Granting such other and further relief as is just and proper.

Respectfully submitted,

Dated: June 9, 2025

Matthew W. Cheney
Acting United States Trustee for Region Four

By: */s/ Hugh M. Bernstein*
Hugh M. Bernstein
Fed. Bar No.: 23489
United State Department of Justice
101 West Lombard Street
Baltimore, Maryland 21201
(410) 962-4300
E-mail: hugh.m.bernstein@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 9, 2025, a copy of the foregoing Motion was sent via first class mail, postage prepaid to:

Seth L. Blum
Bessy G. Blum
3317 Woodvalley Rd
Pikesville, MD 21208.

According to the Court's ECF records, electronic notice of this motion should be provided to the following persons:

- **Monique Desiree Almy    malmy@crowell.com, cbest@crowell.com;malmy@ecf.axosfs.com;monique-almy-7127@ecf.pacerpro.com**
- **Hugh M. (UST) Bernstein    hugh.m.bernstein@usdoj.gov**
- **Richard J Hackerman    Richard@RichardHackerman.com, 6923530420@filings.docketbird.com;Hackerman.RichardR106256@notify.bestcase.com**
- **Jonathan E. Levine    jlevine@mbhylaw.com**
- **Daniel M. Press    dpress@chung-press.com, pressdm@gmail.com;danpress@recap.email**
- **US Trustee - Baltimore    USTPRegion04.BA.ECF@USDOJ.GOV**
- **Eric VandeLinde    eric.vandelinde@bww-law.com**

                                             */s/ Hugh M. Bernstein*
                                             Hugh M. Bernstein