**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MARYLAND**
**Baltimore Division**

```
-----------------------------------------------------------X
In re:                                   :        Chapter 11 (Subchapter V)
                                         :
Seth L Blum and Bessy G Blum             :        Case No.  25-10005
                                         :
            Debtors.                     :
                                         :
-----------------------------------------------------------X
```

**MOTION FOR ORDER APPROVING CONTRACT TO SELL REAL ESTATE AND**
**AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS AND**
**INTERESTS OF PETER ELMO; AND TO PAY REAL ESTATE AGENT**

PLEASE TAKE NOTICE that the Debtor is proposing to sell real property located at 11486 W Sand Cove Rd, Selbyville DE.  Any interested party objecting to the sale must file a written objection with the Clerk of the United States Bankruptcy Court for the District of Maryland, 101 W Lombard St., Baltimore MD 21201, on or before **21 days after service hereof,** setting forth in detail the basis of said objection with a copy being sent to the undersigned. If an objection is filed, the Court will hold a hearing on the objection at a time to  be set. The Court may also rule upon objections without a hearing based upon the pleadings filed. If no objections are filed, property may be sold without further notice.  Anyone desiring any further information may communicate with the undersigned.

THE MOVANT HAS ALSO FILED A MOTION TO SHORTEN THE TIME FOR RESPONSE AND/OR FOR AN EXPEDITED HEARING. IF THAT MOTION TO SHORTEN OR EXPEDITE IS GRANTED, THE TIME TO OBJECT AND/OR DATE FOR HEARING WILL BE CHANGED AS PROVIDED IN SUCH ORDER.


Seth L Blum and Bessy G Blum ("Debtors"), Debtors in Possession herein, by counsel,

pursuant to 11 U.S.C. §363(b), respectfully request entry of an Order approving the terms and

conditions of that certain *Agreement of Sale* by and between the Debtors, as seller, and Robert

Lowell Hix and Jennifer Aimee Hix, as purchasers ("Purchaser"), providing for the sale of the

Debtor's residential real property at 11486 W Sand Cove Rd, Selbyville DE, authorizing the sale of

said property to Purchaser; and approving compensation for the real estate agent, and in support

thereof respectfully states as follows:

**Jurisdiction and Venue**

1.        This Court has jurisdiction over this matter pursuant to the provisions of 28 U.S.C. §§157 and 1334.  This is a core proceeding pursuant to the provisions of 28 U.S.C. §157(b)(2)(N) and (O).  Venue is proper in this District and Division pursuant to 28 U.S.C. §§1408 and 1409.  The statutory predicate for the relief requested in this Motion is 11 U.S.C. §363(b).

**Background**

2.        On January 1, 2025, this case was commenced by the filing of a voluntary petition for relief under Chapter 11, Subchapter V of the Bankruptcy Code in the United States Bankruptcy Court for the District of Maryland (the "Bankruptcy Court").  The Debtors are continuing to possess and manage their property. Monique Almy has been appointed Subchapter V Trustee.

3.        The parcel at issue is owned by the Debtor subject to two lien, one in favor of Presidential Bank in the amount of approximately $197,141.33 (per its proof of claim – the balance has increased slightly due to post-petition interest), and the second a judicial lien in favor of Peter Elmo, in the claimed amount of $738,202.92.   The  Debtor has claimed an exemption in the property in the total amount of $1.00.  The sale will generate insufficient proceeds to pay the Presidential Bank lien and the exemption in full.  There may also be HOA dues that are a lien, that will be paid at closing.

4.        The lien of Mr. Elmo is subject to a bona fide dispute.   The judicial lien attached to the property within 90 days of the petition date on account of an antecedent debt, and if not avoided would allow Mr. Elmo to receive more than under Chapter 7 if the transfer had not occurred, and is

--                                                                              2

thus avoidable as a preference. The Delaware litigation was also not served on the Debtors, but apparently to the property address in Delaware where they never resided, and is thus void. Through counsel, Mr. has agreed to vacate the judgment, but has yet to do so. Accordingly, it is necessary to sell the property free and clear of Mr. Elmo's claim or interest under 11 U.S.C. 363(f)(4), with Mr. Elmo's lien, if any, attaching to the net proceeds.

5.        As a result of arms-length negotiations with Purchaser through their respective real estate agents, the Debtor has entered into the *Agreement of Sale*, whereby they have agreed to sell the Property to Purchaser. The total purchase price for the proposed sale is $550,000 (the "Purchase Price") with a 2.5% seller's broker's commission and a 2.5% buyer's broker's commission owed to the real estate brokers (the Seller's is pursuant to the listing agreement appended to the Application to Employ the real estate agent; the buyer's is a term of the contract). A true copy of the *Agreement of Sale* is attached and incorporated by reference to this *Motion* as Exhibit A. The Purchasers have no connection to the Debtors. The sale price was negotiated by the agent, who believes it to be a fair price given the condition of the property. While there is no formal appraisal, Debtor is confident that the Sale price is the highest and best offer, the property having been on the market for several months.   The sale price is within the Zillow estimated range of $532,000 - $588,000. The Scheduled value was $591,100. The sale is subject to a $15,000 seller credit at settlement to cover the cost of some issues discovered during a home inspection, and to satisfy a home inspection contingency. Buyer has paid a $5000 deposit.

6.        The sale will result in the satisfaction of one secured claim of about $200,000 and will generate substantial net proceeds to the estate (provided Mr. Elmo's lien is avoided, as expected). While a settlement statement has not been prepared, it would be approximately:

Sale pr,ice $550,000

--                                          3

Seller credit $15,000

Agent's commissions: $27,500

Other closing costs and taxes (including 2% grantor tax): $12,500

Mortgage, with interest: $202,000

HOA: $11,000.

Net proceeds, estimated: $282,000.00

## Relief Requested

7.      By this *Motion*, the Debtors seek approval of the terms and conditions of the *Agreement of Sale*, including authority to convey the Property to Purchaser free and clear of liens, with the deed of trust loan (and any adjustments for real estate taxes), the agents' commission, HOA fees, and ordinary closing costs including grantor tax to be paid at settlement; with the net proceeds to be held in a segregated account to which the lien of Mr. Elmo will attach unless and until avoided.

## Argument

*Sale of Property*

8.      Section 363(b) of the Bankruptcy Code permits a trustee or debtor-in-possession to sell property of the estate other than in the ordinary course of business after notice and a hearing.  11 U.S.C. §363(b).

9.      The bankruptcy court's power to authorize a sale under section 363(b) is an exercise of its discretion.  *Committee of Equity Security Holders v. Lionel Corporation (In re Lionel Corporation)*, 722 F.2d 1063 (2d Cir. 1983).  Factors to be considered in determining whether to approve a sale of assets under section 363(b) include: (i) whether a sound business reason exists for

--                                                              4

the proposed transaction, (ii) whether fair and reasonable consideration is being provided, (iii) whether the transaction has been proposed and negotiated in good faith, and (iv) whether adequate and reasonable notice has been provided. *See e.g.*, *In re Ewell*, 958 F.2d 275 (9th Cir. 1992) (affirming sale where price was fair and reasonable and buyer was good faith purchaser).

        a.   In this case, the Debtors have a sound business reason for selling the Property to Purchaser. The Debtors have diligently and in good faith analyzed all other available options in connection with the disposition of the Property and determined that the terms and conditions set forth in the *Agreement of Sale* with Purchaser, including the price at which Purchaser proposes to purchase the Property and the seller credit, are all fair and reasonable and together constitute the highest or otherwise best offer presently obtainable for the Property.

        b.   The terms of sale with Purchaser were negotiated at arms length and in good faith. Purchasers are not known to Debtors and are not "insiders" of the Debtor ass that term is defined in 11 U.S.C. § 101(31).

        c.   Finally, adequate and reasonable notice is being provided to all creditors as set forth below.

10.     Pursuant to the provisions of section 363(b) of the Bankruptcy Code, the Debtor proposes to convey the Property to Purchaser, and to pay Presidential Bank, the closing costs, any tax adjustment, the agents' commission, and the HOA at settlement.

11.     Notice of this sale will be provided to all creditors and parties in interest in this case in accordance with the requirements of Bankruptcy Rules 6004(a) and 2002(a)(2) and (c).

*Compensation of Real Estate Agent*

12.     Debtors have filed a motion for an order approving the employment of Adam Ask to perform real estate agency services for the Debtors as necessary to assist the Debtors with respect to

this case, on a 2.5% seller side commission pursuant to 11 U.S.C. § 328(a).

13.    Accordingly, upon closing of the sale, Mr. Ask is entitled to compensation of 2.5%. The buyer's agent is entitled to 2.5% per the contract.

## Sale Free and Clear of Liens

14,    Pursuant to the provisions of section 363(f) of the Bankruptcy Code, the Debtor proposes to convey the Property to Purchasers free and clear of all liens, claims, encumbrances and interests  of Peter Elmo, with any valid liens, claims, encumbrances and interests of Mr. Elmo attaching to the proceeds of sale in the same order of priority as they attached to the Property.

15.    There are five alternative bases for selling property free and clear of any interest in such property under section 363(f) of the Bankruptcy Code: (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest; (2) such entity consents; (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all lines on such property; (4) such interest is in bona fide dispute; or (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.   Only Mr. Elmo's lien is implicated.   For the reasons stated above, Mr. Elmo's lien is subject to a bona fide dispute.

Further, the Debtor respectfully asserts that if the sale does not close and the mortgage creditors as holder of a senior lien is granted relief from the automatic stay to foreclose on the Property, its foreclosure efforts would eliminate any and all subordinate liens or interests in the Property, including the lien of Mr. Elmo. As such, since applicable nonbankruptcy law (i.e., the law of foreclosure in Delaware) permits a sale of the Property free and clear of all junior liens of record, the Property may be sold free and clear of the junior liens. 11 U.S.C. §363(f)(1). *Matter*

--                                                                  6

*of Spanish Peaks Holdings II, LLC*, 872 F. 3d 892, 900 (9th Cir. 2017).  Further, in such a

foreclosure proceeding (or a "cram down" under 11 U.S.C, § 1129(b)(2)), the junior lienholders

could be compelled to accept a money satisfaction of such interest.  11 U.S.C. §363(f)(5).  *In re*

*Gulf States Steel, Inc. of Alabama*, 285 BR 497, 509-10 (Bankr. ND Ala 2002).   Accordingly,

the Property can be sold free and clear of Mr. Elmo's lien.

*Notice*

16.    Notice of this sale will be provided in accordance with the requirements of Bankruptcy

Rules 6004(a) and (c) and 2002(a)(2) and (c).  The lienholder subject to the sale free and clear

(Mr. Elmo) will be served in accordance with Bankruptcy Rule 7004.

*Expedited Hearing, Shortened Notice, and Waiver of Stay*

**17.    Under the terms of the Agreement for Sale, the Debtors are required to close**

**by August 8, 2025. To avoid delay in closing, the Debtor would request that the Court**

**waive the fourteen day stay provided by Bankruptcy Rule 6004(h).**

### Conclusion

WHEREFORE, for the foregoing reasons, the Debtors respectfully request that the Court

enter an Order (a) approving all of the terms and conditions of the *Agreement of Sale*, authorizing the

conveyance the Property to Purchaser free and clear of the free and clear of any and all liens, claims,

encumbrances and interests of Peter Elmo, with all known valid liens, claims, encumbrances and

interests attaching to the proceeds of sale in the same order of priority as they attached to the

Property, (b) authorizing the disbursement from the proceeds of sale at closing to pay all closing

costs (including the agents' commission and grantor tax), including adjustment of real estate taxes to

the date of settlement; and (c) authorizing payment of the amount due on the Presidential Bank

mortgage and to the HOA, (d) providing for the net proceeds to be held in a segregated account to which the lien of Mr. Elmo will attach unless and until avoided, until further order of the Court.

Dated: July 28, 2025.

Respectfully submitted,

  /s/ Daniel M. Press
Daniel M. Press, #07300
Chung & Press, P.C.
6718 Whittier Ave., Suite 200
McLean, VA 22101
(703) 734-3800
(703) 734-0590 fax
 dpress@chung-press.com

CERTIFICATE OF SERVICE

This is to certify that on this 28th day of July, 2025, I caused the foregoing document to be served on upon the US Trustee, the Subchapter V Trustee, and all parties requesting notice by CM/ECF, to:

Monique Desiree Almy malmy@crowell.com, cbest@crowell.com, malmy@ecf.axosfs.com, monique-almy-7127@ecf.pacerpro.com

Hugh M. (UST) Bernstein hugh.m.bernstein@usdoj.gov

Richard J Hackerman Richard@RichardHackerman.com,  6923530420@filings.docketbird.com, Hackerman.RichardR106256@notify.bestcase.com

Jonathan E. Levine jlevine@mbhylaw.com

US Trustee - Baltimore USTPRegion04.BA.ECF@USDOJ.GOV

Eric VandeLinde eric.vandelinde@bww-law.com, bankruptcy@bww-law.com

By first class mail to Peter Elmo pursuant to Rule 7004, and upon all other creditors and parties in interest, as set forth on the attached matrix.

  /s/ Daniel M. Press