# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | |
|---|---|
| PETER ELMO,<br><br>    Plaintiff,<br><br>    v.<br><br>BESSY BLUM and SETH BLUM,<br><br>    Defendants. | C.A. No. |

## VERIFIED COMPLAINT

Plaintiff Peter Elmo ("Plaintiff"), by his undersigned counsel, brings this action against Defendants Bessy Blum and Seth Blum (the "Defendants") for an equitable lien, breach of contract, declaratory judgment, fraud, unjust enrichment and breach of the implied covenant of good faith and fair dealing, and in support thereof avers as follows:

## NATURE OF THE ACTION

1. This action involves the Defendants' financial exploitation of Plaintiff, who is an 81-year-old widower, in order to obtain a $520,000 loan that has not yet been repaid to Plaintiff by Defendants (the "Loan").

2. Defendant Bessy Blum, at the time a bank teller with access to Plaintiff's accounts, befriended Plaintiff after his wife of 50 years died.

3. Then, after gaining his trust, Defendants, who are husband and wife,

schemed to trick Plaintiff into loaning them more than half a million dollars so they could purchase a vacation home in Delaware.

4. Defendants, together, betrayed Plaintiff's trust and kindness, and never intended to repay Plaintiff.

5. Plaintiff loaned Defendants $520,000 as set forth in the Standard Promissory Note (Secured) and March 25, 2022 email which encompass the parties' written agreement (together, the "Note"). A true and correct copy of the Note is attached hereto as **Exhibit A**.

6. Defendants received the Loan proceeds from Plaintiff and used them to purchase the real property located at 11486 W. Sand Cove Road, Selbyville, DE 19975 in Sussex County (the "Property").

7. As evidenced by the Note, the Loan was to be repaid in three months of the approximate closing date of April 15, 2022. *See* Note at Ex. A.

8. And the Note was to be secured by the Property. *Id.*

9. Now, having failed to pay Plaintiff pursuant to the terms of the Loan, Defendants are attempting to sell the Property (and/or potentially developing the intent to, at some time in the future, encumber, refinance, or otherwise extract value from the Property in some fashion that would further impair Plaintiff's rights of security in the Property) while attempting to prevent Plaintiff from recovering the money he loaned the Defendants.

10. In light of Defendants' conduct, Plaintiff is compelled to seek relief from this Court to prevent the sale of the Property (or some other value-extracting transaction) without first enforcing a lien on the Property or imposing a constructive trust on the proceeds, out of which Plaintiff's damages will be paid directly. Plaintiff seeks a judgment for the unpaid balance owed on the Loan, all costs incurred in collecting the sums due under the Note, including but not limited to reasonable attorneys' fees, and any and all additional and further relief imposed by this Court, to be paid directly out of the proceeds of any sale of the Property.

**PARTIES**

11. Plaintiff is an individual and resident of Maryland with a primary address of 2706 Hunting Ridge Court, Baldwin, MD 21013.

12. Defendant Bessy Blum is an individual and resident of Maryland and can be served at 3317 Woodvalley Drive, Baltimore, MD 21208.

13. Defendant Seth Blum is an individual and resident of Maryland and can be served at 3317 Woodvalley Drive, Baltimore, MD 21208.

**JURISDICTION**

14. This Court has subject matter jurisdiction over this action pursuant to 10 *Del. C.* § 341 because the primary relief requested, an equitable lien, is inherently equitable in nature.

15. The Court has personal jurisdiction over the Defendants pursuant to

3

10 *Del. C.* § 3104(c)(1) and (5) by virtue of the fact that they have transacted business in Delaware and own the Property, which is located in the State of Delaware in the County of Sussex.

**FACTS**

16. In 2018, Plaintiff met Defendant Bessy Blum, who was the branch manager at the bank where Plaintiff maintained his personal banking accounts.

17. As a result of her role as branch manager, Defendant Bessy Blum had intimate knowledge of Plaintiff's wealth and resources.

18. Under the guise of being a friend and fiduciary to Plaintiff, Defendant Bessy Blum persuaded Plaintiff to lend her and her husband, who also worked at the same bank, $520,000 to purchase the Property. *See* Note at Ex. A.

19. Defendants made statements to Plaintiff regarding their intent to repay the $520,000 and promised to repay the Loan per the Note. However, as shown through Defendants' conduct and actions, these statements were false and intended to induce Plaintiff to lend money to Defendants.

20. According to the Sussex County Property Records, the Property was purchased by the Defendants on May 9, 2022 for $515,000.00, $5,000 less than the amount of the Loan.

21. Pursuant to the Note, Defendants are required to pay the principal sum of $520,000.00 with interest accruing on the unpaid balance the rate of 11.5% per

4

annum. *See* Note at Ex. A. As of May 11, 2024, Defendants owed Plaintiff $42,191.94 in interest.

22. Paragraph 9 of the Note states that "Borrower shall pay all costs incurred by Lender in collecting sums due under this Note after a default, including reasonable attorneys' fees." *Id.*

23. Paragraph 17, states in bold, all-capitalized lettering: "**THIS NOTE IS SECURED BY THE FOLLOWING**: 11486 W. Sand Cove Road, Selbyville, DE 19975." *Id.* [emphasis in original.]

24. Defendants agreed to repay the loan, with interest, within three months of closing.

25. Defendants have refused to pay the outstanding balance of the Loan.

26. Plaintiff has suffered damages as a result of Defendants' refusal to pay the outstanding balance and accrued interest.

27. On or about Friday evening, May 10, 2024, Plaintiff learned from a real estate broker that the Defendants were scheduled to sell the Property to a third party for $630,000 this Friday, May 17, 2024.

28. In order to protect his interests, on Monday, May 13, 2024, Plaintiff filed a Motion for a Temporary Restraining Order or Preliminary Injunction against Defendants in the Circuit Court for Baltimore County, Case No. C-03-CV-24-000826.

29. A hearing on the Temporary Restraining Order was held on Tuesday, May 14, 2024, at which Defendants represented on the record that:

   a. Defendants had planned to sell the Property this Friday, May 17, 2024;

   b. But the sale fell through and there is no pending sale or immediate settlement date; and

   c. Defendants would provide immediate notice to Plaintiff following the acceptance of any offer on the Property.

30. Notably, Defendants did ***not*** promise to repay Plaintiff the monies owed to him out of any sale of the Property or other damages they promised in the Note.

31. On Wednesday, May 15, 2024, the Court issued an Order denying the motion "as moot at this time" and reflecting the outcome of the prior day's hearing, as follows:

> During the emergency hearing held on 5/14/23, counsel for the Blums confirmed that the proposed sale has fallen through and further confirmed that there is no pending sale and no immediate settlement date. Counsel also confirmed that, should an offer be made on the [P]roperty and accepted, she will notify counsel for Plaintiff … immediately. Pending motion for TRO and/or injunction is denied as moot at this time.

A true and correct copy of the May 15 Order is attached hereto as **Exhibit B**.

32. Plaintiff had originally intended to file this matter as a Motion for a

6

Temporary Restraining Order or a Preliminary Injunction. After all, it is plain that Defendants intend to sell the Property presently and appear to be attempting to claim the proceeds of any sale as their own without first paying Plaintiff the monies they owe him.

33. Further, given the delays inherent in litigation, even the Blums' promise of "immediate[]" notice to Plaintiff *upon acceptance of any offer* on the Property would be insufficient notice to timely obtain the relief required to protect Plaintiff's legal and equitable rights to the proceeds from any sale of the Property. *See id.*

34. Respecting the workload of this Court, however, and trusting Defendants to abide by the promises they made to Plaintiff on the record at the Tuesday, May 14, 2024 hearing, and as reflected in the Wednesday, May 15, 2024 Order, Plaintiff files this matter as a regular Complaint, reserving all rights to apply to this Court for a temporary restraining order upon receiving the promised immediate notice or at any other time deemed appropriate, given the exigency of this matter. *See id.*

## COUNT I
## EQUITABLE LIEN

35. Plaintiff realleges and incorporates the above paragraphs as if fully set forth herein.

36. The parties intended for the Property to be security for the repayment of the loan as evidenced by Paragraph 17 of the Note.

37. However, even absent the contractual relationship between Plaintiff and Defendants, the Court may impress an equitable lien.

38. In imposing an equitable lien, the form of the document evidencing the lien is immaterial so long as the real property that is to serve as security is clearly defined. *See Scotfoam Corp. v. Peddrick*, 1989 Del. Ch. LEXIS 172, 1989 WL 152203, at *7 (Del. Ch. Dec. 13, 1989) (citing *James Bradford Co. v. United Leather Co.*, Del. Ch., 97 A. 622, 624 (1916); 4 Pomeroy's Equity Jurisprudence § 1237 (5th ed. 1941)).

39. Moreover, the Court may impose an equitable lien on a real property "where it would be contrary to equity and good conscience for an individual to retain a property interest acquired at the expense of another." *Branca v. Branca*, 443 A.2d 929, 931 (Del. 1982).

40. Here, Defendants, quite literally, acquired their interest in the Property at the expense of Plaintiff.

    a. Defendants have directly benefited from the Loan.

    b. Plaintiff made the Loan to Defendants so Defendants could use the proceeds to purchase the Property.

    c. Defendants did, in fact, use the proceeds of the Loan to purchase the Property.

    d. The parties expressly agreed, in writing, that the Loan would be

secured by a lien on the Property.

41. It would be inequitable for the Defendants to use the funds from the Loan to purchase the Property without the recording of a lien upon the same.

42. Accordingly, Plaintiff respectfully requests that the Court impose an equitable lien upon the Property in favor of Plaintiff.

## COUNT II
## BREACH OF CONTRACT

43. Plaintiff realleges and incorporates the above paragraphs as if fully set forth herein.

44. The Note, which includes the March 25, 2022 email, constitutes a written contract between Plaintiff and Defendants.

45. Plaintiff has substantially performed all of his obligations under the Note.

46. Defendants have failed to satisfy their obligations and duties under the Note including, for example, by failing to pay the outstanding amount of the Loan and interest now due to Plaintiff.

47. Plaintiff has incurred monetary damages as a result of Defendants' failure to pay the amount owed.

48. Plaintiff's damages include the attorneys' fees he has incurred as a result of Defendants' breach of the Note.

49. Plaintiff continues to suffer significant harm in connection with the

Defendants' breach of the Note.

50. The Defendants' decision to neglect their obligations in violation of the Note also constitutes a loss of Plaintiff's contractually bargained-for rights.

51. Accordingly, Plaintiff is entitled to a judgment in his favor and against the Defendants for the outstanding balance of the Loan plus interest at 11.5% per annum from March 25, 2022 plus any and all attorneys' fees incurred by Plaintiff to obtain said judgment.

## COUNT III
## DECLARATORY JUDGMENT

52. Plaintiff realleges and incorporates the above paragraphs as if fully set forth herein.

53. Defendants have directly benefited by the Loan.

54. Defendants used the Loan to purchase the Property.

55. The parties intended for the Loan to be secured by a lien on the Property.

56. It would be inequitable for the Defendants to use the funds from the Loan to purchase the Property without the recording of a lien upon the same.

57. Therefore, an actual controversy within this Court's jurisdiction exists such that the Court may declare the rights, status, and legal relations of the parties to this action.

58. The issuance of declaratory relief by this Court will terminate some or

10

all of the existing controversy(ies) between the parties.

59. Accordingly, Plaintiff is entitled to a declaratory judgment that creates an equitable lien upon the Property for the full amount due and owing under the Note and all amounts that accrue thereunder.

## COUNT IV
## BREACH OF THE IMPLIED COVENANT OF
## GOOD FAITH AND FAIR DEALING

60. Plaintiff realleges and incorporates the above paragraphs as if fully set forth herein.

61. Under Delaware law, all contracts include an implied covenant of good faith and fair dealing between the parties.

62. Plaintiff substantially performed all of its obligations under the Note.

63. Through their faithless conduct detailed above, which includes attempting to befriend, take advantage of, and defraud an elderly man, the Defendants have breached the covenant of good faith and fair dealing implied within the Note by failing to pay the full amount owed thereunder to Plaintiff.

64. The Defendants' failure to act in good faith and breach of the implied covenant has caused harm to Plaintiff.

## COUNT V
## UNJUST ENRICHMENT/CONSTRUCTIVE TRUST

65. Plaintiff realleges and incorporates the above paragraphs as if fully set forth herein.

999998.04501/135588287v.3

66. As a result of the wrongful conduct of Defendants, as hereinabove alleged, Defendants have been unjustly enriched and have benefited from their wrongful acts at the expense of Plaintiff.

67. Such unjust enrichment and benefits include, but are not limited to the amount of $520,000 plus accruing interest that remains unpaid, due and owing to Plaintiff under the Note and all costs incurred by Plaintiff in collecting sums due under the Note, including reasonable attorneys' fees.

68. A constructive trust is proper when "a defendant's fraudulent, unfair or unconscionable conduct causes him to be unjustly enriched at the expense of another to whom he owed some duty." *Jackson Nat. Life Ins. Co. v. Kennedy*, 741 A.2d 377, 393-94 (Del. Ch. 1999).

69. This Court should order that all proceeds from any sale of the Property be sequestered into a constructive trust, out of which Defendants should be ordered to pay Plaintiff, first and promptly, the entire amount by which they have been unjustly enriched.

### COUNT VI
### FRAUD

70. Plaintiff realleges and incorporates the above paragraphs as if fully set forth herein.

71. Defendants falsely represented to Plaintiff that they would repay all funds that Plaintiff loaned to them plus interest as provided under the Note.

12

72. Defendants knew that their statements were false when they made them and never intended to repay Plaintiff.

73. Defendants made the statements to Plaintiff so that Plaintiff would loan them the funds necessary to purchase the Property.

74. Plaintiff relied upon Defendants' representations and would not have loaned them any money had he not believed that Defendants would pay him back promptly, according to the terms of the Note.

75. Plaintiff has suffered damages as a result of Defendants' conduct and his reliance on their representations.

76. Accordingly, Defendants are liable for fraud. The Court should award Plaintiff monetary damages to compensate him for the fraud.

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Grant the request for an equitable lien in favor of Plaintiff and against Defendants and the Property in the amount of the unpaid Loan plus all interest and fees under the Note, including but not limited to reasonable attorneys' fees;

2. Enter declaratory relief in favor of Plaintiff for all amounts due and owing under the Note, including but not limited to the full unpaid balance owed on the Loan, plus interest and all costs, including but not limited to reasonable attorneys' fees;

13

3. Award Plaintiff money damages for all amounts due and owing to him by Defendants;

4. Award Plaintiff his attorneys' fees and costs; and

5. Order all such additional and further relief as the Court deems just and proper.

Dated: May 17, 2024

**BLANK ROME LLP**

*/s/ Shane M. Brackup*
Shane M. Brackup (No. 7298)
1201 N. Market Street, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 425-6400
Facsimile: (302) 425-6464
shane.brackup@blankrome.com

*Attorneys for Plaintiff*

999998.04501/135588287v.3