IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

---------------------------------------------------------------X
| | |
|---|---|
| In re: : | A.P. No. _____ |
| : | |
| **Seth L Blum and Bessy G Blum** : | Case No.  25-10005 |
| : | Chapter 11 (Subchapter V) |
| Debtors. : | |
| : | |

---------------------------------------------------------------X
: 
**Seth L Blum and Bessy G Blum** :
:
Plaintiffs, :
v. :
:
Peter Elmo :
2706 Hunting Ridge Court :
Baldwin, MD 21013-9121 :
:
Defendant :
:
---------------------------------------------------------------X

<u>COMPLAINT TO AVOID PREFERENTIAL TRANSFERS AND TO OBJECT TO PROOF OF CLAIM</u>

NOW COME Seth L Blum and Bessy G Blum, Debtors in the above-captioned bankruptcy case, by the undersigned counsel, and for their Complaint against Peter Elmo state as follows:

1. Jurisdiction of this Court exists under 28 U.S.C. §§ 1334 and 157. Venue is proper in this District as Debtors' bankruptcy case is pending here and Defendant resides in this District. This is a core proceeding. Plaintiffs consent to the entry of final judgment by this Court.

2. The Debtors are individual residents of Maryland who filed a petition for relief under Chapter 11, Subchapter V, of Title 11 of the United States Bankruptcy Code on January 1,

2025, and remain as Debtors in Possession. Debtors bring this adversary proceeding based on reasonable due diligence in the circumstances of the case and taking into account Defendant's known or reasonably knowable affirmative defenses under 11 U.S.C. § 547(c) .

3. Defendant is an individual resident of the State of Maryland. The Defendant is a creditor of Debtors/Plaintiffs.

4. The Debtors, individually or jointly as tenants by the entireties, own real property in Sussex County, Delaware and Baltimore County, Maryland.

5. On October 04, 2024, within 90 days before he commencement of this case, Defendant obtained a default judgment for $631,717.58 against Debtors in the Court of Chancery of the State of Delaware in C.A. No. 2024-0528-BWD (the "Delaware Judgment"). A true and correct copy is attached as Exhibit A. The Delaware Judgment provides that "An equitable lien on the Property shall be recorded with the Recorder of Deeds in favor of Plaintiff and against Defendants in the amount of the Judgment" and that "This Judgment in the above amount shall also be recorded as a lien in favor of Plaintiff and against Defendants against any other property owned by Defendants in the State of Delaware." If the Delaware Judgment was in fact recorded as a lien, it constitutes a transfer of an interest or interests of the Debtors in property to or for the benefit of Defendant Elmo, a creditor, within 90 days before the petition date; if it was not, such transfer or transfers is/are deemed to have occurred immediately prior to the filing of the petition. 11 U.S.C. § 547(e)(2)(C).

6. On or about November 7, 2024, Defendant filed the Delaware Judgment as a foreign judgment in the Baltimore County MD Circuit Court, case no. C-03-JG-24-009959, wherein it was docketed as a judgment on November 21, 2024, all within 90 days before the petition date, thereby constituting a transfer of an interest or interests of the Debtors in property

to or for the benefit of Defendant Elmo, a creditor, within 90 days before the petition date (the Preference Period.

7. The debt to Defendant is an antecedent debt, predating the aforementioned transfers.

8. The aforementioned transfers (the "Preferential Transfers") were on account of such antecedent debt owed by the debtors before such transfer was made.

9. At all relevant times, the Debtors were insolvent, and presumed insolvent under 11 U.S.C. § 547(f).

10. The aforementioned Preferential Transfers, if not avoided, would allow Defendant to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of Title 11;

(B) the transfers had not been made; and

(C) Defendant received payment of such debt to the extent provided by the provisions of Title 11.

11. The Defendant has filed a proof of claim in this case, but has failed, despite demand, to turn over the property transferred by releasing the liens transferred to him as set forth above.

COUNT I: AVOIDANCE OF PREFERENCE

12. Plaintiffs incorporate the allegations of Paragraphs 1-11.

13. During the Preference Period , Defendant was a creditor of the Debtors.

14. The Preferential Transfers were transferred to or for the benefit of Defendant.

15. Each Preferential Transfer was transferred for or on account of an antecedent debt or debts owed by the Debtors before such Preferential Transfers were made.

16. Each Preferential Transfer was made during the Preference Period.

17. Each Preferential Transfer was made while the Debtors were insolvent.

18. Each Preferential Transfer enabled Defendant to receive more than Defendant would have received if (i) the Debtor's chapter 11 case were instead a case under chapter 7 of the Bankruptcy Code; (ii) the transfers and/or payments had not been made; and (iii) Defendant received payment on account of the debt to the extent provided by the Bankruptcy Code.

19. The Preferential Transfers constitute avoidable preferences pursuant to Bankruptcy Code section 547(b).

COUNT II: RECOVERY OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. § 550

20. Plaintiffs repeat and realleges each of the allegations set forth above as if fully set forth herein.

21. Defendant was either (i) the initial transferee of the Preferential Transfers, (ii) the entity for whose benefit the Preferential Transfers were made, or (iii) an immediate or mediate transferee of the Preferential Transfers.

22. Each Preferential Transfer that is avoided under Section 547(b) is recoverable by Debtors pursuant to Bankruptcy Code section 550.

23. Debtors are entitled to recover the property transferred pursuant to Bankruptcy Code section 550(a).

COUNT III: OBJECTION TO CLAIM: § 502(d)

24. Debtors repeat and reallege each of the allegations set forth above as if fully set forth herein.

25. Claim No. 26 asserts a right to payment owed by Debtors to Defendant.

26. As alleged above, each Preferential Transfer constitutes an avoidable preference pursuant to Bankruptcy Code section 547(b) which is recoverable pursuant to Bankruptcy Code section 550.

27. Accordingly, pursuant to Bankruptcy Code section 502(d), Claim No. 26 must be disallowed unless and until Defendant turns over the property transferred by releasing the liens transferred to him as Preferential Transfers that are avoided.

WHEREFORE, Plaintiffs/Debtors respectfully request that this Court enter judgment in favor of Debtors and against Defendant, as follows:

On Count I, avoiding the preferential transfer of the liens on Plaintiffs' Delaware property (including the proceeds thereof sold free and clear of liens) and Maryland Property.

On Count II, entering a judgment against Defendant voiding the liens.

On Count III, disallowing Claim 26 unless and until Defendant turns over the property transferred by releasing the liens transferred to him as Preferential Transfers that are avoided;

and, on all counts, awarding Plaintiffs the costs of this proceeding, including a reasonable attorney's fee.

Dated: September 11, 2025

Respectfully submitted,

   /s/ Daniel M. Press
Daniel M. Press, #07300
CHUNG & PRESS, P.C.
6718 Whittier Avenue, Suite 200
McLean, Virginia 22101
(703) 734-3800
dpress@chung-press.com
Counsel for Debtors/Plaintiffs